BETTILLINI, (UNITED STATES v.) See Case No. 14,587.

## Case No. 1,369.

### BETTINGER v. RIDGWAY.

[4 Cranch, C. C. 340.] [1]

Circuit Court, District of Columbia. Nov. Term, 1833.

COURTS—DISTRICT OF COLUMBIA —JUSTICE OF THE PEACE.

In the administration of the estate of a deceased person, in Washington county, D. C., a judgment of a justice of the peace is not on a par with the judgments of a court of record; and is not entitled to priority of payment out of the assets.

This was an appeal from the orphans' court for the county of Washington, which had decided that the judgment of a justice of the peace is entitled to priority of payment, and is upon a par with the judgments of a court of record.

By the Maryland law of 1798, c. 101, subc.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

8, § 17. [2 Maxcy's Laws Md. 478,] "judgments and decrees against deceased shall be wholly discharged before any part of other claims, * * * But no executor or administrator shall be bound to discover what judgments have been passed against the deceased, unless in the high court of chancery or the general court of the shire, or the court of the county where the deceased last resided." Id. c. 101, subc. 9, § 1: "The voucher, or proof, of a judgment or decree, shall be a short copy thereof, under seal, attested by the clerk or register of the court where it was obtained, who shall certify that there is no entry or proceeding in the court to show that the said judgment or decree hath been satisfied."

The difficulty which an administrator must have in ascertaining what judgments have been rendered before justices of the peace, (of which there is no record, technically speaking,) and of which, the justices in Maryland, in 1798, did not keep dockets, so as to avoid a devastavit, and such judgments being only prima facie evidence of debt, liable to be disputed upon the plea of nil debit, affords strong ground to believe that the legislature did not contemplate such judgments when they were passing the testamentary act of 1798. This belief is corroborated by the nature of the voucher which the plaintiff must produce to the orphans' court, and which it is impossible to procure of a justice's judgment.

For these reasons, THE COURT is of opinion (nem. con.) that the sentence of the orphans' court should be reversed.